Pollock, J.
This is an action in error seeking to reverse the judgment of the court of common pleas of Monroe county in the matter of the appointment of an administrator of the estate of Wesley Lu-burg.
The only question before this court is whether the common pleas court had jurisdiction on appeal over the subject-matter of this action.
Some time in May, 1919, the plaintiffs in error, who are heirs of Wesley Luburg, deceased, late a resident of Monroe county, filed an application in *221 the probate court asking for the appointment of an administrator of the estate, of said Wesley Luburg. Citation was had upon the remaining heirs of the deceased, and, on hearing in the probate court, Susan Hendershot, a daughter, and one of the heirs of Wesley Luburg, was appointed administratrix of his estate.
After the judgment of the probate court, the defendant in error, John C. Luburg, gave notice of appeal, filed a bond, and caused the matter resulting in the appointment of an administratrix to be appealed from the probate court to the common pleas court.
The only heirs or parties to the proceeding in probate court who appeared in the common pleas court in the matter thus appealed were the plaintiffs in error, who filed a motion asking, among other grounds, that the appeal be dismissed for the reason that the common pleas court had no jurisdiction over the action on appeal.
The motion was heard in the court of common pleas, and overruled.
Afterwards the matter came on to be heard in that court, resulting in a judgment refusing to appoint an administrator of this estate.
In the argument something has been said in regard to the regularity of the proceedings in the probate court.
The question of the regularity or irregularity of the proceedings in the probate court is not now before this court.
The administratrix, and some of the heirs of this estate who were cited to appear in probate court, did not appear in the common pleas court, and were not *222 made parties to this action in error, and it is urged that this being true this court does not have all the parties before it necessary to a hearing on the petition in error and that for this reason this action should be dismissed.
These parties were not required to appear in the court of common pleas if they did not wish to. No pleadings were filed in that court, and none are required. We have before us in this proceeding only the parties who appeared and took part in the proceedings in the common pleas court. If there were other issues than that of jurisdiction, a serious question might arise whether this court did have proper' parties before it, but if the common pleas court had no jurisdiction of the subject-matter its judgment is void, and whether all the parties who were parties in the probate court are now before the court or not is immaterial, as the judgment rendered by the common pleas court would have no legal effect and does not bind anyone. Freeman on Judgments (4 ed.), Section 117; 1 Black on Judgments (2 ed.), Section 218, and 7 Ruling Case Law, page 1042, Section 75.
Any party interested in the proceedings in the probate court to appoint an administrator of the estate of Wesley Luburg had a right to appear in the court of common pleas and challenge the jurisdiction of that court over the subject-matter, and, if defeated, to prosecute error to this court.
The claim is made by the defendant in error that Section 10859, General Code, gives the common pleas court jurisdiction on appeal over the appointment of an administrator. This section reads as follows;
*223 “From any order, judgment, or decree of the probate court, an appeal may be taken to the court of common pleas, by any person against whom it is made, or who is affected thereby, in the manner provided in other cases. Bills of exception may be taken and allowed upoft any decision of the probate, common pleas or circuit court, in such proceedings as in other cases.”
The right of appeal exists only by virtue of the statute. In order to give the appellate court jurisdiction, the statutory provision must be strictly followed. Browne, Assignee, v. Wallace, Assignee, 66 Ohio St., 57.
Viewed alone the terms of the section of the General Code just quoted would seem to give the right of appeal to the common pleas court to any person against whom any order, judgment or decree of the probate court had been entered.
A court would hesitate to give a construction to this statute that would allow a dissatisfied litigant to appeal from any order or judgment that the probate court might enter. So that a court should look farther than the mere language of the statute before placing such a broad construction upon this section.
This section was a part of Section 9 of an act of the legislature providing for a speedy collection by an heir of his interest in an.estate after an order of distribution, had been entered. The act is found in Volume 54, page 202, of the Ohio Laws, and was originally enacted in April, 1857. At the time of its enactment the section was a part of that act of the legislature, and the right to appeal which it gave only included the actions provided for iq *224 that act. First came the revision which resulted in the Revised Statutes, and since then we have had the further revision now known as the General Code.
The act above referred to now appears in the General Code beginning with Section 10848 and ending with 10860. While that act has' been changed in some minor particulars by revisions and amendments, yet the purpose and object of the act remain the same as in the original enactment.
This section should be construed in connection with the act of which it forms a part, and be limited to its original intention, unless by the revision, or the amendments to it, it reasonably appears that the legislature intended to give it a wider application. It does not appear from any change in the form of the act, or of this section, that the legislature intended to extend the right to appeal under this section so as to include any orders or judgments of the probate court not embraced in the original act.
After the revision embodied in the Revised Statutes, this section became Section 6203, and the supreme court, in Ebersole v. Schiller, Admr., 50 Ohio St., 701, construed it as follows:
“Section 6203, Revised Statutes, must be construed in connection with the act of April 17, 1857 (S. & C., 619), of which act it formed a part before the revision of the statutes; and, when so construed, it gives no right of appeal to the court of common pleas, from an order of the probate court refusing to remove an administrator.”
The question of the effect upon a statute which has undergone revision was before the supreme *225 court in the case of State, ex rel. Clough & Co., v. Commissioners of Shelby County, 36 Ohio St., 326, the court holding that unless the language of the new act plainly requires a change of construction to conform to the manifest intention of the legislature, the same construction will prevail as before revision.
This rule was not modified by the supreme court in the case of Collins, Exr., v. Millen et al., 57 Ohio St., 289. That case only holds that where, in the general revision of the statutes, a clause is added to a section thereof, the plain and ordinary effect of which is to qualify the former operations of the section, such effect should not be denied on the ground that it was added in the course of a general revision of the statutes. This in no way, however, modifies the former rule that unless such a clause appears, the original construction should be placed upon the section.
Our attention has been called to the case of Union Savings Bank & Trust Co., Exr. v. Western Union Telegraph Co., 79 Ohio St., 89, in which it is claimed that Davis, judge, in the opinion holds that the right to appeal to the common pleas court does exist from an order appointing an administrator. The judge, at page 100 of that case, uses the following language:
“The defendant, if it had such an interest in the estate as would give it the legal standing to do so, might have attacked the appointment in the probate court, or by appeal or error.”
In order to determine the effect that should be given to this remark found in the opinion we must *226 look to the question then before the court. The court had before it the question of whether or not the appointment of an administrator by the probate court, where it was claimed that the administrator appointed had no legal right to act as such administrator, could be attacked in a collateral proceeding. After holding that because the probate court had. jurisdiction over the appointment of an administrator of an estate, and that the appointment regularly made by the probate court could not be collaterally attacked, the court used the language above quoted.
We do not think the remarks found in the opinion are determinative of the question. The supreme court did not have the question of the right of appeal before it at that time, and the remark was wholly obiter, and was made, no doubt, by the learned jurist without having fully considered at that time the statutory provisions giving a right of an appeal from the judgments and orders of the probate court to the common pleas court.
The only other provision of the statutes, authorizing an appeal from the probate court to the common pleas court, is Section 11206, General Code. This section fails to provide for an appeal from an order of the probate court appointing an administrator of an estate.
We think that the common pleas court was in error in overruling the motion to the jurisdiction of that court. The judgment of the common pleas court is reversed.

Judgment reversed.

Metcalfe, P. J., and Farr, J., concur.